UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
In re:

Dragan Djuretic and Mila Djuretic,                    Chapter 7
                                                      Case No. 1-10-43218-ess
                Debtors.
---------------------------------------------------X

**APPLICATION FOR AN ORDER APPROVING THE RETENTION AND
EMPLOYMENT OF DEBRA KRAMER, PLLC AS ATTORNEYS TO TRUSTEE**

TO:    THE HONORABLE ELIZABETH S. STONG
         UNITED STATES BANKRUPTCY JUDGE

Debra Kramer (the "Trustee"), the interim Chapter 7 Trustee of the estate of debtors Dragan Djuretic and Mila Djuretic (the "Debtors"), hereby requests that this Court enter an order pursuant to sections 327(a) and (d) of title 11 of United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Debra Kramer, PLLC (the "Kramer Firm") as her attorneys, under a general retainer, to represent the Trustee in the Debtors' case. In support of this application, the Trustee respectfully represents as follows.

**Background**

1. On April 14, 2010, the Debtors filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

2. Debra Kramer was appointed the interim trustee of the Debtors' estate. The Debtors have never appeared for examination at a section 341(a) meeting of creditors.

3. The Trustee learned that there was a settlement of debtor Dragan Djuretic's personal injury claim post-petition. The Trustee believes that it is now necessary to employ counsel for the Trustee in this case to, <u>inter</u> <u>alia</u>, (i) pursue recovery of assets of the Debtors' estate; (ii) pursue any potential avoidance claims on behalf of the Debtors' estate; and (iii) assist the Trustee in her investigation of the Debtors' financial affairs and in the orderly administration of this estate. The Trustee requires counsel in order to prepare the necessary motions, applications, orders and other legal documents that may be required under the Bankruptcy Code in furtherance of her appointment.

4. Accordingly, the Trustee requests that the Kramer Firm be retained as attorneys pursuant to a general retainer. The Trustee believes that the Kramer Firm is well qualified to act as her attorneys and to represent her as the Trustee in this case.

## **Relief Requested**

5. As set forth above, the Trustee has concluded that the interests of the Debtors' estate and creditors would be best served by the retention of the Kramer Firm pursuant to Bankruptcy Code sections 327(a) and (d), as attorneys for the Trustee, under a general retainer, to render legal services to the Trustee, including, but not limited to:

(i) preparing on behalf of the Trustee all necessary applications, motions, pleadings, stipulations, notices, orders and other legal documents required by the Bankruptcy Code;

(ii) analyzing legal issues and preparing on behalf of the Trustee all necessary applications, motions, pleadings, stipulations, notices, orders and other legal documents required by the Bankruptcy Code

in connection with the Trustee's investigation and attempts to liquidate and recover assets of the estate for the benefit of the Debtors' creditors;

(iii) assisting the Trustee in the investigation of the Debtors' financial affairs and assets, including, but not limited to, preparing objections to claims and prosecuting avoidance actions and any such other claims; and

(iv) performing all other legal services for the Trustee which may be necessary in connection with the Trustee's attempts to properly liquidate the assets of the estate.

A proposed Order authorizing the employment and retention of the Kramer Firm as attorneys to the Trustee is attached.

6. Debra Kramer is the sole member of the Kramer Firm. Debra Kramer has practiced in the bankruptcy field for over twenty years and has represented chapter 11 debtors, secured and unsecured creditors, trustees and statutory committees in the Bankruptcy Courts in the Southern and Eastern Districts of New York and in courts around the country. Debra Kramer has extensive experience in the areas of bankruptcy, debtors' and creditors' rights, and related litigation. Accordingly, the Kramer Firm is well qualified to represent the Trustee in this case.

7. The Trustee believes that the retention of the Kramer Firm as her attorneys is necessary and in the best interests of the Debtors' estate. The Kramer Firm and the Trustee will maintain separate time records and the Kramer Firm will seek compensation only for legal, and not trustee, services.

8. The Kramer Firm will be compensated in accordance with its normal hourly rates upon applications to be submitted to this Court in accordance with the Bankruptcy Code and the Bankruptcy Rules. The Kramer Firm intends to apply to this Court for the allowance of compensation and reimbursement of expenses in accordance with the provisions of Bankruptcy Code sections 330 and 331, subject to any and all applicable guidelines and rules.

9. The Kramer Firm is willing to act on the Trustee's behalf to render services described above and to be compensated in accordance with its normal hourly rates upon applications to be submitted to the Court in accordance with the Bankruptcy Code and the Bankruptcy Rules. At present, subject to yearly revisions in January of each year, services shall be provided at the rate of $400.00 per hour for Debra Kramer and $125.00 per hour for legal assistants of the Kramer Firm. Also, the Kramer Firm will seek reimbursement for its reasonable out-of-pocket disbursements in accordance with the fee guidelines established by this Court.

10. In the accompanying affirmation of Debra Kramer, the sole member of the Kramer Firm, Debra Kramer represents that to the best of her knowledge, and except as described therein, the Kramer Firm does not hold or represent any interest adverse to the Trustee, the Debtors or their estate in the matters upon which the Kramer Firm is to be engaged and that the Kramer Firm is "disinterested" within the meaning of Bankruptcy Code section 101(14).

## Conclusion

11. The Trustee requests that the Court enter an order authorizing the employment and retention of the Kramer Firm, under a general retainer, as attorneys to the Trustee.

12. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter the annexed proposed order, pursuant to Bankruptcy Code sections 327(a) and (d), authorizing the Trustee to retain the Kramer Firm under a general retainer, as her attorneys in the Debtors' case, and for such further relief as is just and proper.

Dated: Great Neck, New York
July 15, 2010

Respectfully submitted,

/s/ Debra Kramer, Interim Trustee
Debra Kramer, Interim Chapter 7 Trustee
98 Cutter Mill Road - Suite 466 South
Great Neck, New York 11021
Telephone: (516) 482-6300